**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PARMINDER SINGH, AKA Ravi Sahani, | No. 12-72334 |
| Petitioner, | |
| v. | Agency No. A088-734-466 |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2015**
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Parminder Singh, a native and citizen of India, applied for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

An Immigration Judge (IJ) denied all relief, and the Board of Immigration Appeals

(BIA) affirmed. Singh petitions for review. Because Singh filed his applications

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

after May 11, 2005, the REAL ID Act applies. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supported the BIA's adverse credibility finding. Singh submitted two nearly identical affidavits signed by his father and Sarpanch in support of his applications. The BIA reasonably concluded that the affidavits were fraudulent because they contained nearly identical language. *See Bingxu Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014); *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (pre-REAL ID Act case concluding that documents with questionable genuineness that go to the heart of applicant's claim may justify adverse credibility finding). The BIA also did not err in discounting Singh's credibility by relying on the fact that Singh submitted the affidavits. Singh's testimony indicates that he had reason to know the documents were fraudulent. *See Khadka v. Holder*, 618 F.3d 996, 1000–01 (9th Cir. 2010); *cf. Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911–12 (9th Cir. 2004).

Singh's inconsistent testimony about the affidavits is also substantial evidence for the BIA's decision. *See Shrestha*, 590 F.3d at 1043–47. Singh testified extensively about his knowledge of two nearly identical affidavits signed

2

by his father and Sarpanch, and later disclaimed all knowledge about the affidavits when asked about their similarity.

The BIA did not err in determining that, absent Singh's testimony, the record does not sustain his burden to show he is eligible for asylum. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005). For the same reason, substantial evidence supported the BIA's denial of Singh's claim for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Nor did the BIA err in concluding, based on the record without Singh's testimony, that Singh failed to sustain his burden to show eligibility for relief under CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**